**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JEFF CANTRELL,

        Petitioner,

v.                                  CIVIL ACTION NO. 5:10-cv-00367

DAVID BERKEBILE,

        Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document 1). By Standing Order (Document 4) entered on March 22, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On May 21, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF&R") (Document 7). He recommends that the Court find that Petitioner's Petition is not ripe for adjudication and that he has not exhausted his administrative remedies prior to seeking review under Section 2241. He further recommends that the Court dismiss Petitioner's Application for Writ of Habeas Corpus without prejudice. On June 14, 2010, Petitioner filed his response to the PF & R (Document 11).

*I.*

Petitioner pled guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846, in the United States District Court for the Eastern District of Kentucky on July 26, 2006. *United States v. Cantrell*, Crim. No. 2:06-cr-00013 (E. D. Ky. October 30, 2006). On October 30, 2006, he was sentenced to ninety-six (96) months imprisonment followed by five (5) years of supervised release. *Id.* Petitioner did not appeal his sentence or conviction. On October 8, 2008, Petitioner filed an application for writ of habeas corpus by a person in federal custody, pursuant to 28 U.S.C. § 2241, in this jurisdiction to challenge his conviction. However, his application was dismissed on May 22, 2009. (*Cantrell v. United States*, Civil No. 5:08-1164, 2009 WL 1475297, at *1 (S.D. W. Va. May 22, 2009)).

On March 22, 2010, Petitioner filed the instant Section 2241 Petition challenging the Bureau of Prisons' policies relating to the placement of inmates in residential re-entry centers. At the time of the filing, Petitioner was serving his sentence at FCI Beckley in Beaver, West Virginia with a projected release date of February 2, 2013. Petitioner asserts that he "anticipates his admission to the BOP's residential drug abuse program ("RDAP"), momentarily. Successful completion of RDAP will result in a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), reforming Petitioner's release date to February 2, 2012. . . . [m]aking him eligible for RRC placement on February 2, 2011."[1] (Pet. 6.)

II.

---

[1] Notwithstanding Petitioner's assertions of his anticipations, there is no dispute that at the time of the filing of the instant petition, he was not participating in the RDAP and the BOP had not made any determination with respect to his eligibility for a sentence reduction. Moreover, the record in this case does not indicate that he has been deemed eligible, enrolled or found to have successfully completed any BOP drug treatment program. As a result, any consideration of Petitioner's belief that he would receive a prospective favorable modification to his release date would be speculative at this juncture. (*See infra* n.2.)

2

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

*III.*

The issues posed by Petitioner are the subject of several pro se prisoner habeas petitions pending before this Court at the moment. Indeed, petitioners in the identical cases have requested consolidation and class certification to allow for their claims to be resolved at once. These requests have been denied.

Petitioner alleges that the Bureau of Prisons ("BOP") has promulgated policies and regulations that categorically deny inmates' placement into residential re-entry centers longer than six months, despite Congressional intent that the limit be extended to twelve months. He asserts that these policies violate 18 U.S.C. §§ 3621(b), 3624(c), and the Administrative Procedure Act ("APA"). At the core of Petitioner's claim is BOP policies in implementing the federal statutes granting the BOP discretion in placing inmates and allowing the pre-release of prisoners to serve

the final portion of their sentence in some sort of community or residential re-entry program, referred to in this opinion as an RRC. The statute providing for the placement of inmates, 18 U.S.C. § 3621, provides as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence--
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> >
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). This statute grants the BOP authority to designate an inmate's placement in an appropriate facility, including an RRC. The BOP must consider the five factors set forth in the statute in making that designation, but it is not restricted as to when, during an inmate's sentence, it makes a designation.

The second statute at issue, 18 U.S.C. § 3624, obligates the BOP to consider an inmate's RRC eligibility toward the end of his sentence and limits the portion of an inmate's sentence that he may spend in an RRC. In 2007, Section 3624 was amended by the Second Chance Act to extend from six months to twelve months the portion of the sentence that may be served in such a program. Section 3624 now provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement," as opposed to the placement of an inmate in an RRC at any other point during his sentence, pursuant to Section 3621(b), which can be distinguished as "anytime RRC placement."

Petitioner complains that the BOP has yet to grant a prisoner at FCI Beckley pre-release RRC placement at an RRC for longer than the final six months of his sentence and has implemented policies to prevent any inmate from being considered for RRC placement for longer than six months. He asserts BOP-issued memoranda and program statements essentially foreclose any possibility of RRC placement for longer than six months. Specifically, he points to two memoranda addressed to "Chief Executive Officers" from the Assistant Director of Correctional Programs Division and the Assistant Director/General Counsel dated April 14, 2008, and November 14, 2008.

The April 14, 2008, memorandum describes the impact of the Second Chance Act on the statutory authority for pre-release RRC placement. It informs BOP staff that the pre-release time frame increased from six months to a maximum of twelve months, and the pre-release placement

decisions are required to be made on an individual basis. (Apr. 14, 2008, Mem. 2.) The memorandum explains that staff must make those decisions earlier, seventeen to nineteen months before an inmate's projected release date to account for the increase in maximum placement time. (Apr. 14, 2008, Mem. 3.) The memorandum also requires staff to use the five factors set forth in Section 3621(b) in considering pre-release placement. It advises staff that inmates may not be automatically precluded from pre-release placement and an inmate's "pre-release RRC decision must be analyzed and supported under the five-factor criteria." (Apr. 14, 2008, Mem. 4.) The paragraph in the memorandum relating to Petitioner's claims is paragraph III(D) on page four. It provides:

> While the [Second Chance] Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Apr. 14, 2008, Mem. 4.)

The November 14, 2008, memorandum addresses placement of inmates into RRCs when more than twelve months remain from their projected release date, or anytime RRC placement. That memorandum also requires staff to make individualized decisions on an inmate's request for transfer to an RRC during their sentence. (Nov. 14, 2008, Mem. 1.) It provides that "An RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." (Nov. 14, 2008, Mem. 3.)

Petitioner contends that the promulgation of these BOP policies categorically denies inmates the opportunity to spend more than six months in a RRC, in violation of the Congressional intent behind the increase to a maximum of twelve months in 18 U.S.C. §§ 3621(b) and 3624(c).

However, Petitioner fails to assert in his Petition how these policies have injured him–one defect among several that the Court will discuss below.

The problem Petitioner, and others in his position, encounter with respect to Section 3624(c) is that the BOP may consider a prisoner's eligibility for pre-release RRC placement under that statute seventeen to nineteen months prior to his projected release date. Thus, the earliest Petitioner will know whether the BOP will place him in an RRC at all, let alone for no more than six months, is July 2, 2011, nineteen months before his release date. This presents issues of ripeness and exhaustion because, insofar as Petitioner objects to a speculative denial of RRC placement longer than six months, his claim is premature.[2] Additionally, prisoners are required to exhaust administrative remedies prior to seeking habeas relief. Petitioner asserts that he requested RRC review thirty months prior to his projected release and was denied. It is unclear what remedies Petitioner has pursued, if any, and what remedies are available to him for his claims relating to the future application of BOP policies to his sentence.[3]

These problems were addressed by the magistrate judge in his PF&R. He found that inasmuch as Petitioner's eligibility for RRC placement would not occur for at least another two years, his claim for RRC placement is premature. Judge VanDervort further found that prisoners filing petitions pursuant to 28 U.S.C. § 2241 are required to exhaust their administrative remedies prior to seeking habeas relief, and in this case Petitioner's exhaustion was improper because he

---

[2] Magistrate Judge VanDerfort noted that, at the time of the Petition, Petitioner was not participating in an RDAP and the BOP had made no determination as to his eligibility for a sentence reduction. He also explained that the inmates who successfully complete substance abuse programs do not have a liberty interest in the provisional early release date. (PF&R at 6, n.4.) Petitioner did not address this issue in his objections.

[3] *See infra* n.4.

attempted to do so before his claims became ripe. Based on these findings, the magistrate judge recommends that this Court dismiss the petition.

*IV.*

Petitioner responded to the PF&R on June 14, 2010, objecting to the findings with respect to ripeness and exhaustion of remedies. First addressing ripeness, Petitioner asserts that "overwhelming evidence exists that shows Petitioner will be denied more than six months RRC placement when he is finally assessed for such placement." (Resp. 5.) He refers to the evidence that BOP policies preclude RRC placements beyond six months, and that no prisoner at FCI or FCP Beckley, or in the BOP's Mid-Atlantic Region as well as several other regions, have received a placement for longer than six months. (*Id*.) He alleges that the policies and practices of the BOP not to place inmates for longer than six months amount to imminent future harm. Petitioner also argues that he has "extremely limited release options" and that he "has no money, no clothes, no vehicle, and no job to return to." (*Id*. at 9.) He asserts that a six-month RRC placement will not afford him a reasonable opportunity to adjust to and prepare for reentry into the community. (*Id*.) He insists that a "six-month stay will not allow [him] to save enough to establish a needed financial foundation before his release by the BOP from the RRC." (*Id*.) As to exhaustion of remedies, Petitioner alleges that exhaustion is not required in his case because the remedy process is not designed to resolve systemic challenges, and for that reason exhaustion would be futile. (Resp. 6-7, 13-19.)

*V.*

Petitioner seeks "pre-release custody in a Community Correctional Facility for the statutorily [sic] maximum period (12 months)[.]" (Pet. 6.) He sets forth a claim for relief from what he presumes will be the future denial of his placement in an RRC for longer than six months pursuant

8

to Section 3624(c). It is implied by his contention that the exhaustion requirement should be waived that he has not exhausted administrative remedies.[4] Even if the Court were to assume that Petitioner exhausted his administrative remedies or consider that the process is futile, in this instance, the Court finds that Petitioner's claims are ultimately fatally flawed.

To demonstrate that he is entitled to habeas corpus relief under 28 U.S.C. § 2241, Petitioner must establish that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). The BOP is not required to place an inmate in an RRC for any amount of time. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir.2005) ("[T]hat the BOP may assign a prisoner to a [RCC] [for 12 months] does not mean that it must"). Where the BOP fulfills its statutory requirements in determining Petitioner's eligibility for RRC placement, he has not established a violation. Petitioner has no protected liberty interest in an RRC placement. The BOP's policies in making an individualized determination of whether an inmate is eligible for any amount of RRC placement are reasonable and "facially consistent with [18 U.S.C. §3624]." *Sacora v. Thomas*, 628 F.3d 1059, 1066 (9th Cir. 2010).

Moreover, in a similar case to Petitioner's, the Court ordered a limited response from the BOP to the petitioner's claims. *Delfino v. Berkebile*, Civ. No. 10-cv-00432 (Aug. 1, 2011). Respondent asserted that a June 24, 2010 BOP memorandum replaced the earlier two and this newer memorandum provided guidance on all subsequent RRC determinations. The new memorandum provides that Regional Director approval is no longer required for RRC placements for longer than

---

[4] In his Petition, Petitioner did not provide the date he completed his administrative remedy. Instead, he included the following , "Petitioner requested RRC review 30 months prior to his projected release and was denied. He began his administrative remedy process immediately, completing same on "NOT APPLICABLE," giving rise to this request for a writ of habeas corpus." (Pet. 15.). There is no evidence in the record detailing the Respondent's consideration of his "request."

six months. *Delfino*, Docket 20 at 11. It appears from this memorandum that Petitioner's concerns regarding BOP policy have been addressed. Accordingly, Petitioner's claims as they are stated in the instant petition are without merit.[5]

*VI.*

For the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation be **ADOPTED,** that Petitioner's habeas claims with respect to a future denial of pre-release RRC placement for longer than six months pursuant to 18 U.S.C. §3624(c) be **DISMISSED** without prejudice, and that this case be stricken from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.       ENTER:    October 28, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[5] Additionally, the time in which Petitioner could have received a review for RRC placement was July through September 2011. Petitioner has not supplemented the record in this case to advise the Court of the BOP's determination of his eligibility for pre-release RRC placement or included the results of that review. The Court observes that at some point during the course of this litigation, Petitioner was transferred to the Federal Medical Center ("FMC") in Devens, Massachusetts. Therefore, this Respondent can no longer provide the relief he seeks.